1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4   SERVICE EMPLOYEES INTERNATIONAL   )   Case No.:   2:12-cv-00199-GMN-GWF
    UNION, LOCAL 1107,   )

5                                   )   Member cases:
                  Plaintiff,   )            2:12-cv-00796-GMN-GWF
6            vs.   )            2:12-cv-01291-GMN-GWF
                                   )            2:12-cv-01292-GMN-GWF
7   SUNRISE HOSPITAL AND MEDICAL   )
    CENTER, LLC   )

8                                   )
                  Defendant.   )
9   _____ )

10  SUNRISE HOSPITAL AND MEDICAL   )            **ORDER**
    CENTER, LLC,   )
11                                   )

12                Plaintiff,   )
13           vs.   )

14  SERVICE EMPLOYEES INTERNATIONAL   )
    UNION, LOCAL 1107,   )
15                                   )
                  Defendant.   )
16  _____ )

17

18        This action arises out of the July 2010 terminations of registered nurses Jessica Rice and

19  Sharon Ochoa-Reyes – former employees of Sunrise Hospital and Medical Center, LLC

20  ("Sunrise Hospital"), and the subsequent grievances and arbitrations pursued on their behalf by

21  Service Employees International Union, Local 1107 ("SEIU Local 1107"). Four separately-filed

22  actions between the parties were consolidated into the instant action, and the Court will refer to

23  each originating action as: (1) "*Rice I*" [No. 2:12-cv-00199]; (2) "*Reyes I*" [No. 2:12-cv-00796];

24  (3) "*Rice II*" [No. 2:12-cv-01291]; and (4) "*Reyes II*" [No. 2:12-cv-01292].

25        Pending before the Court is the Motion to Dismiss the *Reyes II* Complaint (ECF No. 16)

filed by SEIU Local 1107.  Sunrise Hospital filed a Response (ECF No. 29), and SEIU Local 1107 filed a Reply (ECF No. 30).  Also before the Court is SEIU Local 1107's Motion for Summary Judgment (ECF No. 31) and Sunrise Hospital's Motion for Summary Judgment (ECF No. 44).  Both motions are fully briefed.

## I.   BACKGROUND

### A.   Procedural History

Pursuant to a Collective Bargaining Agreement ("CBA") between itself and Sunrise Hospital, SEIU Local 1107 initiated litigation in February 2012 by filing a Complaint for Confirmation of Arbitration Award pursuant to Section 301 of the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185, relating to the Rice arbitration and the arbitrator's December 2011 decision. (*Rice I* Compl., ECF No. 1.)  In March 2012, Sunrise Hospital filed its Answer to the *Rice I* Complaint. (*Rice I* Answer, ECF No. 6.)

On May 11, 2012, SEIU Local 1107 filed a new lawsuit alleging the same cause of action against Sunrise Hospital relating to the Reyes arbitration and the arbitrator's March 2012 decision and May 9, 2012 supplemental decision. (*Reyes I* Compl., No. 2:12-cv-00796-GMN-GWF, ECF No. 1.)  In June 2012, Sunrise Hospital filed its Answer to the *Reyes I* Complaint. (*Reyes I* Answer, No. 2:12-cv-00796-GMN-GWF, ECF No. 5.)

On July 16, 2012, SEIU Local 1107 filed a Motion to Consolidate the *Rice I* and *Reyes I* actions in the docket of the *Reyes I* action. (2:12-cv-00796-GMN-GWF, ECF No. 9.)

On July 20, 2012, Sunrise Hospital filed two separate lawsuits against SEIU Local 1107 relating to the Rice arbitration and the Reyes arbitration, requesting vacatur of the Rice arbitrator's April 2012 supplemental decision[1] and the Reyes arbitrator's May 2012 supplemental decision. (*Rice II* Compl., No. 2:12-cv-01291-GMN-VCF, ECF No. 1; *Reyes II*

---

[1] The Rice arbitrator's April 2012 supplemental decision was issued after Sunrise Hospital filed its Answer to the *Rice I* Complaint, and before SEIU Local 1107 filed the *Reyes I* lawsuit. (*See* Ex. O to MSJ, ECF No. 36-1.)

Compl., No. 2:12-cv-01292-JCM-GWF, ECF No. 1.)

In August 2012, the parties stipulated to consolidate the four cases into a single action, and the Court so ordered. (Order, Aug. 13, 2012, ECF No. 14.)  In the same Order, the Court denied any pending motions without prejudice, with permission to re-file in the base case. (*Id*.)

On August 17, 2012, SEIU Local 1107 re-filed its Motion to Dismiss the *Reyes II* Complaint. (ECF No. 16.)  SEIU Local 1107 had previously filed its Motion to Dismiss in the docket of the *Reyes II* action on August 9, 2012 (No. 2:12-cv-01292, ECF No. 7), the same day the parties filed the stipulation to consolidate. (*See* Stip. to Consol., ECF No. 13.)

On August 27, 2012, SEIU Local 1107 filed its Amended Answer and Counterclaim to the *Rice II* Complaint, adding a cause of action to enforce the Rice arbitrator's April 2012 Supplemental Decision. (ECF No. 24.)  Sunrise Hospital filed its Answer to the *Rice II* Counterclaim on September 12, 2012. (ECF No. 28.)

Discovery closed on February 11, 2013, and the deadline to file dispositive motions expired on March 13, 2013. (Scheduling Order, Aug. 29, 2012, ECF No. 25.)

### B.   Background and Undisputed Facts

#### 1.   The Rice and Reyes terminations

Rice and Reyes are represented by SEIU Local 1107 and were formerly employed by Sunrise Hospital as registered nurses in the Neonatal Intensive Care Unit.  On May 23, 2010, an umbilical arterial catheter that had been inserted into a small newborn apparently broke during a shift in which Rice and Reyes were both working; and Rice completed an incident report. ("Rice Decision," Ex. D to *Rice I* Compl.; Ex. G to MSJ, ECF No. 36-1.)  Subsequently, Sunrise Hospital's Risk Management notified Las Vegas Law Enforcement, and Rice and Reyes were taken off the work schedule with pay. (*Id*.)  Rice and Reyes were interviewed by the police but not arrested or charged with a criminal complaint. (*Id*.)

The Nevada State Board of Nursing ("Board of Nursing") suspended Rice's nursing

license on June 10, 2010, and suspended Reyes' license on July 9, 2010. (Summary Suspension of License Orders, Ex. D to Gibbons Decl., ECF No. 34.)  The Summary Suspension of License orders stated that "[o]n or about June 10, 2010, the Nevada State Board of Nursing received a notice from Las Vegas Law Enforcement officials" that Rice and Reyes were each "a person of interest in an ongoing criminal investigation" which "has revealed that a patient suffered harm as a result of intentional acts" at an "acute care medical facility" and that allegations were made against each of them. (*Id.*)  In July 2010, Sunrise Hospital terminated Rice and Reyes without pay, stating as its basis that Rice and Reyes had failed to maintain an active nursing license.

### 2.    The CBA

SEIU Local 1107 and Sunrise Hospital have been parties to a Collective Bargaining Agreement ("CBA") covering various terms and conditions of employment for covered employees (*see* CBA & CBA art. 1"Recognition," Ex. A to *Rice I* Compl.; Ex. A to *Reyes I* Compl.), including a grievance procedure for disputes arising under the CBA (*see* CBA art. 10 "Grievance and Arbitration," Ex. C to *Rice I* Compl.; Ex. C to *Reyes I* Compl.).  Article 9 of the CBA provides that Sunrise Hospital can "discharge or otherwise discipline an employee for just cause." (CBA art. 9 "Disciplinary Action," Ex. B to *Rice I* Compl.; Ex. B to *Reyes I* Compl.)

### 3.    The Rice and Reyes arbitrations

In 2010, SEIU Local 1107 filed separate grievances for Rice and Reyes pursuant to the CBA alleging that Rice and Reyes were not terminated for just cause, and exhausted the steps of the grievance procedures.  Pursuant to the terms of the CBA, an arbitration hearing for Rice was held on October 5, 2011, before Arbitrator Paul Staudohar, and an arbitration hearing for Reyes was held on December 14, 2011, before Arbitrator Claude Ames.  At each hearing, the parties presented evidence and agreed on the record that the grievance was properly before the arbitrator for issuance of a final and binding decision.  Both parties submitted post-hearing briefs before issuance of the arbitrators' decisions.

### 4. The Rice Decision

On December 19, 2011, Arbitrator Staudohar issued his "Opinion and Decision" sustaining the Rice grievance. ("Rice Decision," Ex. D to *Rice I* Compl.; Ex. G to MSJ, ECF No. 36-1.)  In its "Award," the Rice Decision held that Sunrise Hospital lacked just cause to terminate Rice, ordered Sunrise Hospital to reinstate Rice to her former position, and ordered Sunrise Hospital to provide Rice back pay, less interim earnings, beginning on October 19, 2010. (*Id*.)  Arbitrator Staudohar retained jurisdiction in the event of a dispute over the remedy, in accordance with the parties' request at the hearing. (*Id*.)

"On or about January 13, 2012, [Sunrise Hospital] announced that it would refuse to comply with the Rice Decision," according to SEIU Local 1107; therefore SEIU Local 1107 filed suit on February 7, 2012, initiating the *Rice I* action. (*Rice I* Compl., 3:¶11; *see also* Correspondence from Chad Shultz to Jonathan Cohen, January 13, 2012, Ex. I to MSJ, ECF No. 36-1.[2])  Sunrise Hospital filed its Answer on March 1, 2012, disputing this allegation. (*Rice I* Answer, 3:¶11.)

### 5. The Reyes Decision

On March 7, 2012, Arbitrator Ames issued his "Decision and Award" sustaining the Reyes grievance. ("Reyes Decision," Ex. D to *Reyes I* Compl.; Ex. H to MSJ, ECF No. 36-1.) In its "Award," the Reyes Decision held that Sunrise Hospital lacked just cause to terminate Reyes, ordered Sunrise Hospital to reinstate Reyes to her former position, and ordered Sunrise Hospital to provide Reyes back pay, less interim earnings, beginning on October 25, 2010. (*Id*.) Arbitrator Ames retained jurisdiction "over disputes regarding interpretation and

---

[2] In a January 13, 2012, letter from counsel for Sunrise Hospital, Chad Shultz, to counsel for SEIU Local 1107, Jonathan Cohen, Sunrise Hospital states:

> As you know, Arbitrator Staudohar has recently issued his decision in the above-referenced matter.  Sunrise Hospital is prepared to reinstate Ms. Rice.  Upon reinstatement, however, Ms. Rice will be placed on indefinite unpaid administrative suspension pending resolution of the on-going criminal investigation being performed by the Las Vegas Metropolitan Police Department.

(Correspondence from Chad Shultz to Jonathan Cohen, January 13, 2012, Ex. I to MSJ, ECF No. 36-1.)

implementation of this Award." (*Id*. at 14.)

### 6. Sunrise Hospital's reinstatement and suspension letters to Rice and Reyes

On April 3, 2012, Sunrise Hospital sent two letters each to Rice and Reyes. (Ex. L to MSJ, ECF No. 36-1.)

*a. Reinstatement Letters.* One letter referred to the Arbitrator's decision and stated that "[i]n compliance with that Award we are reinstating you as an employee of the hospital, effective today, April 3, 2012." (*Id*. at pp. 2-3.) This letter also stated:

> We will be gathering information over the next few days concerning the calculation of your back pay award and we expect to have a check delivered to you within the next 30 days. The check will represent the value of back pay and benefits, less outside earnings, from the time your license was reinstated on [date[3]], through April 3, 2012, less required withholdings.

(*Id*.)

*b. Suspension Letters.* The other letter sent to Rice and Reyes informed them that as of April 3, 2012, Sunrise Hospital was placing them "on an unpaid suspension pending resolution of the on-going criminal investigation being performed by the Las Vegas Metropolitan Police Department." (*Id*. at pp. 1, 4.) Each letter also included the following additional statement:

> We simply cannot return a nurse, who is still under criminal investigation concerning a patient fatality, to a patient care position. If and when the criminal investigation is complete as it relates to you, Sunrise will re-evaluate its position concerning your employment status.

(*Id*.) On April 6, 2012, as a result of the suspension letters, SEIU Local filed a grievance on behalf of Rice and Reyes pursuant to the CBA. (*See* Correspondence, April 12, 2012, Ex. N to MSJ, ECF No. 36-1.)

### 7. Rice and Reyes Supplemental Decisions

On April 11, 2012, counsel for SEIU Local 1107 sent a letter to Arbitrator Staudohar and

---

[3] The date of reinstatement for Rice was stated as October 19, 2010, and the date of reinstatement for Reyes was stated as October 25, 2010. (*Id*.)

a letter to Arbitrator Ames informing them of Sunrise Hospital's non-compliance and requesting an order for Sunrise Hospital to comply. (Correspondence, April 11, 2012, Ex. M to MSJ, ECF No. 36-1.)  Counsel for Sunrise Hospital sent written responses to both arbitrators. (Correspondence, April 12, 2012, Ex. N to MSJ, ECF No. 36-1.)

On April 18, 2012, Arbitrator Staudohar sent a letter to counsel for SEIU Local 1107 and counsel for Sunrise Hospital, stating in part:

> I am not in a position to require the Employer to reinstate Ms. Rice.  That would be for a court to enforce.  Until such time as the Grievant is reinstated, however, she is entitled to back pay and benefits, as per my award.  The Employer's placement of her on unpaid suspension is clearly contrary to that award.

("Rice Supplemental Decision," Ex. O to MSJ, ECF No. 36-1.)

On May 9, 2012, Arbitrator Ames issued a Decision and Order finding that Sunrise Hospital was not in compliance with his March 2012 Decision and Award. ("Reyes Supplemental Decision," Ex. G to *Reyes I* Compl.; Ex. P to MSJ, ECF No. 36-1.)

### 8.     Follow-up litigation

On May 11, 2012, SEIU Local 1107 filed suit initiating the *Reyes I* action alleging Sunrise Hospital's noncompliance with the Reyes Decision and the Reyes Supplemental Decision. (*Reyes I* Compl., 4:¶¶15-16.)  Sunrise Hospital filed its Answer on June 13, 2012, denying these allegations. (*Reyes I* Answer.)

One week later, on July 20, 2012, Sunrise Hospital initiated the *Rice II* and *Reyes II* actions, requesting vacatur of the Rice Supplemental Decision and the Reyes Supplemental Decision. (*Rice II* Compl.; *Reyes II* Compl.)

After the four actions were consolidated, on August 28, 2012, SEIU Local 1107 filed its Amended Answer and Counterclaim to the *Rice II* Complaint, adding a cause of action to enforce the April 2012 Rice Supplemental Decision. (ECF No. 24.)  Sunrise Hospital filed its

1  Answer on September 12, 2012. (ECF No. 28.)

2  **II.   DISCUSSION**

3      **A.   Motion to Dismiss**

4        SEIU Local 1107 moves to dismiss Sunrise Hospital's *Reyes II* Complaint (ECF No. 1,

5  2:12-cv-01292-GMN-GWF) pursuant to Rule 12(b)(6), arguing that it should be dismissed with

6  prejudice because the cause of action is a compulsory counterclaim pursuant to Rule 13 that

7  Sunrise Hospital failed to bring in its responsive pleading to the Reyes Complaint. (Mot. to

8  Dismiss, ECF No. 16.)

9        **1.   Legal Standard**

10       Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

11 cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v.*

12 *Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss

13 under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint

14 does not give the defendant fair notice of a legally cognizable claim and the grounds on which it

15 rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

16       **2.   Analysis**

17       In general, a pleading must state as a counterclaim any claim that – at the time of its

18 service – the pleader has against an opposing party if the claim: (A) arises out of the transaction

19 or occurrence that is the subject matter of the opposing party's claim; and (B) does not require

20 adding another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1).

21 The pleader need not state the claim if: (A) when the action was commenced, the claim was the

22 subject of another pending action; or (B) the opposing party sued on its claim by attachment or

23 other process that did not establish personal jurisdiction over the pleader on that claim, and the

24 pleader does not assert any counterclaim under this rule. Fed. R. Civ. P. 13(a)(2).

25       Here, SEIU Local 1107 argues for dismissal of Sunrise Hospital's claim in *Reyes II*

because it is a compulsory counterclaim that was not brought in Sunrise Hospital's answering pleading in the *Reyes I* action (*see Reyes I* Answer).  SEIU Local 1107 points out that its claim in *Reyes I* was for enforcement and confirmation of the Reyes Supplemental Decision as well as the Reyes Decision.  Therefore, SEIU Local 1107 argues that Sunrise Hospital's *Reyes II* claim for vacatur of the Reyes Supplemental Decision should have been stated as a counterclaim in Sunrise Hospital's *Reyes I* Answer because the *Reyes II* claim arises out of the same transaction or occurrence that is the subject matter of the *Reyes I* claim – that is, the Reyes Supplemental Decision issued by Arbitrator Ames on May 9, 2012.  The Court agrees.

Neither party argues that an exception pursuant to Rule 13(a)(2) applies, or that the *Reyes II* claim requires adding another party over whom the court cannot acquire jurisdiction, as in Rule 13(a)(1)(B).  Furthermore, to the extent the parties may disagree on this issue, the Court finds that the *Reyes I* and *Reyes II* claims arise out of the same transaction or occurrence, and that at the time Sunrise Hospital filed its answering pleading in *Reyes I* (*see Reyes I* Answer), Sunrise Hospital had a claim for vacatur of the Reyes Supplemental Decision.  Therefore, the sole question remaining is whether Sunrise Hospital's claim for vacatur of the Reyes Supplemental Decision in *Reyes II* should be dismissed.

 In opposition, Sunrise Hospital first argues that the motion should be denied because SEIU Local 1107 "waived its right to dismiss" the *Reyes II* Complaint under Rule 13(a) when it agreed to consolidation of the four actions. (Resp. to Mot. to Dismiss, 4, ECF No. 29.)  The Court does not find this argument persuasive, and finds no legal authority supporting an argument that such a waiver may exist.

Also, in its Response, Sunrise Hospital requests that the Court treat its *Reyes II* Complaint as a Motion for Leave to Amend its *Reyes I* Answer. (Resp. to Mot. to Dismiss, ECF No. 29.)  Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings; and pursuant to this rule a court should "freely" give leave to amend "when justice so

requires" and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. at 182.  In the Response filed by Sunrise Hospital, the Court has identified only a brief explanation of why Sunrise Hospital's "motive for the Complaint" being filed separately instead of as a counterclaim "was not dilatory or in bad faith":

> The Hospital filed the Complaint because determining whether an arbitrator has the authority to issue supplemental awards is an issue that affects not only the arbitrations currently at issue, but also future arbitrations that may arise between the Parties.

(Resp. to Mot. to Dismiss, 11, ECF No. 29.)  Sunrise Hospital also argues that SEIU Local 1107 would not suffer undue prejudice now that the parties agreed to consolidation at an early stage of the litigation. (*Id.* at 10.)  The Court does not find these arguments persuasive; however in its Reply, SEIU Local 1107 does not discuss or challenge Sunrise Hospital's arguments as to the legal standard for granting leave to amend. (*See* ECF No. 30.)

Nevertheless, the Court finds that dismissal is not warranted here.  As explained by the Ninth Circuit, "[t]he purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court." *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010).  When faced with a later-filed complaint that includes a compulsory counterclaim, a district court has discretion in its procedural disposition of the subsequent action, and may consider options such as dismissal without prejudice, consolidation of the two actions, and staying or enjoining the proceedings. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 692 (9th Cir. 2007).  Particularly in situations where the first-filed action has reached a final judgment, dismissal of the later-filed action with prejudice is also an option "to protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes." *Id*. at 693.

As the United States Supreme Court has explained, in discussing the procedural difficulties posed by the Federal Declaratory Judgments Act, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).  Citing Rule 1 of the Federal Rules of Civil Procedure, the Supreme Court has explained that "[t]he Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, here the Court exercises its discretion by denying SEIU Local 1107's motion for dismissal so that the claims may be heard on the merits, primarily in light of the consolidation of the actions and the fact that no final judgment or other dispositive ruling has yet been entered.  The Court finds that construing Sunrise Hospital's *Reyes II* Complaint as a Motion for Leave to Amend its *Reyes I* Answer so as to state a Counterclaim would best serve the interests of justice and judicial economy.  Therefore, the Court will consider Sunrise Hospital's *Reyes II* Complaint as if it had been filed as a Counterclaim to SEIU Local 1107's *Reyes I* Complaint.

### B.   <u>Motions for Summary Judgment</u>

Both parties move for summary judgment in their favor as to their claims. (MSJ, ECF No. 31; MSJ, ECF No. 44.)  The Court notes SEIU Local 1107's Objections (ECF Nos. 46, 48) to portions of the Kane Declaration included as an exhibit to Sunrise Hospital's motion, and finds that the objections are moot because the Court does not rely on those statements here.

#### 1.   Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Id*. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id*. at 249-50.

### 2.   Analysis

"[A]rbitration is a matter of contract and a party is bound by an award only if he agreed to submit the issue to arbitration." *Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint, Inc.*, 707 F.2d 425, 429 (9th Cir. 1983) (internal quotation marks omitted).  "An arbitrator's award must be upheld as long as it 'draws its essence' from the agreement." *Id*. (quoting *United Steelworkers of America v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960)).  "[F]ederal labor policy favors arbitration." *Id*.  "Therefore, in determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator's authority." *Id*.

The LMRA creates federal question jurisdiction over petitions to confirm or vacate arbitration awards. 28 U.S.C. § 185; *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 835 (9th Cir. 2004).  Without expressly deciding the question, the Ninth Circuit has assumed that the

/ / /

/ / /

/ / /

/ / /

1   Federal Arbitration Act ("FAA") applies to arbitration of collective bargaining agreements.[4]

2   *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1115 & n.7 (9th Cir. 2012)

3   (citing *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 n.1 (9th Cir. 2004))

4   (applying the FAA in a case brought pursuant to section 301of the LMRA).

5       Judicial scrutiny of an arbitrator's decision is ordinarily extremely limited because

6   federal labor policy strongly favors the resolution of labor disputes through arbitration. *Id.* at

7   1111.  However, "manifest disregard of the law is a narrow exception to the general principle of

8   deference to arbitration awards." *Id*. at 1115.  The Ninth Circuit has explained "that the manifest

9   disregard ground for vacatur is shorthand for a statutory ground under the FAA, specifically 9

10  U.S.C. § 10(a)(4), which states that the court may vacate 'where the arbitrators exceeded their

11  powers.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009); *see*

12  *also Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) ("Under § 10 of the FAA,

13  vacatur is appropriate where it is evident that 'the arbitrators exceeded their powers, or so

14  imperfectly executed them that a mutual, final, and definite award upon the subject matter

15  submitted was not made.'" (quoting 9 U.S.C. § 10(a)(4)).

16           ***a.   The Rice Decision and the Reyes Decision may be confirmed.***

17       Sunrise Hospital's *Rice II* Complaint and *Reyes II* Complaint request vacatur of the Rice

18  and Reyes Supplemental Decisions, but not the Rice Decision or the Reyes Decision.  In its

19  motion, Sunrise Hospital denies that there is any dispute about the validity of the Rice Decision

20  and the Reyes Decision (*see* MSJ, 7:4-15, ECF No. 44), which necessarily permits the Court to

21  find that summary judgment may be granted in SEIU Local 1107's favor as to the *Rice I*

---

23  [4] Other Courts of Appeal have expressly decided that the FAA may apply to arbitration of collective bargaining
    agreements in cases brought pursuant to section 301 of the LMRA. *See, e.g.*, *Smart v. Int'l Broth. Of Elec.*
24  *Workers, Local 702*, 315 F.3d 721, 724 (7th Cir. 2002) ("The Federal Arbitration Act has no particular reference
    to [collective bargaining] contracts and so if there were a conflict between the two statutes we would resolve it in
25  favor of section 301. Where there is no conflict, however, and the FAA provides a procedure or remedy not found
    in section 301 but does not step on section 301's toes, then . . . we apply the Federal Arbitration Act." (citation
    omitted)).

Complaint and also as to the portion of the *Reyes I* Complaint that requests confirmation of the Reyes Decision.

### b. The parties dispute whether the Rice Supplemental Decision and the Reyes Supplemental Decision should be confirmed or vacated.

Therefore, the focus of the Court's analysis in determining the parties' motions for summary judgment is the validity of the Rice Supplemental Decision, which is the subject of SEIU Local 1107's Counterclaim (ECF No. 24), and the Reyes Supplemental Decision, which is included in SEIU Local 1107's *Reyes I* Complaint.

As described above, in the Rice and Reyes Supplemental Decisions both arbitrators unequivocally stated that Sunrise Hospital failed to comply with the arbitrators' Awards in the Rice Decision and the Reyes Decision, which instructed Sunrise Hospital to reinstate Rice and Reyes.  In the Supplemental Decisions, both arbitrators found that by suspending Rice and Reyes without pay, as shown in the April 3, 2012 letters, Sunrise Hospital's purported "reinstatement" was not in compliance with the arbitrators' Awards.

The Rice Supplemental Decision consisted of a letter Arbitrator Staudohar sent to the parties in which he found that Sunrise Hospital failed to comply with his Award by placing Rice on unpaid administrative leave on April 3, 2012. (Rice Supplemental Decision, Ex. O to MSJ, ECF No. 36-1.)  Arbitrator Staudohar found that Rice was entitled to back pay and benefits, as per his Award, until such time as Rice is reinstated, and also noted that it is for a court to enforce his Award instructing Sunrise Hospital to reinstate Rice. (*Id.*)

The Reyes Supplemental Decision consisted of a formal Decision and Order issued by Arbitrator Ames instructing Sunrise Hospital to comply with his original Award during Reyes' "period of indefinite suspension either until the criminal investigation is concluded and [Reyes] is charged with a crime or until she is reinstated in her employment by Sunrise Hospital." (Reyes Supplemental Decision, Ex. P to MSJ, ECF No. 36-1.)

In its Motion for Summary Judgment, SEIU Local 1107 argues for confirmation of the Supplemental Decisions because Arbitrator Staudohar and Arbitrator Ames' rulings in the Supplemental Decisions were "pursuant to their retention of jurisdiction over remedial issues," and are therefore "entitled to confirmation and specific enforcement." (MSJ, 13:10-13, ECF No. 32.)  In opposition and in its own Motion for Summary Judgment, Sunrise Hospital argues for vacatur of the Supplemental Decisions because "both Arbitrator Staudohar and Arbitrator Ames exceeded the boundaries of the issues submitted to them when they ruled in their [Supplemental Decisions] that [Rice and Reyes]' suspensions were not for just cause." (MSJ, 9:2-5, ECF No. 44.)

### c.    Each Supplemental Decision may be confirmed.

Sunrise Hospital argues that its position is supported by the Ninth Circuit's holding in *Hughes Aircraft Co. v. Electronic & Space Technicians, Local 1553, AFL-CIO*, 822 F.2d 823 (9th Cir. 1987). (MSJ, 10:23-24, ECF No. 44.)  In *Hughes*, the Ninth Circuit upheld an arbitrator's award but not the arbitrator's subsequent clarification of his award, reasoning that although "[t]he arbitrator properly retained jurisdiction to decide disputes arising in the administration of the award . . . that jurisdiction did not extend to deciding the merits of grievances not submitted to him." 822 F.2d at 826-27 (reversing the district court's grant of summary judgment vacating the original award, and affirming the district court's grant of summary judgment vacating the same arbitrator's clarification of the original award).

The key facts relied upon in *Hughes* for determination of the propriety of the award clarification included: (1) the specific issue submitted for arbitration by the parties; (2) the scope of the arbitrator's retention of jurisdiction; (3) the specific remedy ordered by the arbitrator in the original award; and (4) the specific remedy ordered by the arbitrator in the clarification. *Id*. at 825, 827.  Therefore, the Court will examine the corollary facts from the Rice and Reyes Supplemental Decisions.

1      In the Rice Decision the issue submitted was: "Was the Grievant discharged for just

2   cause, and if not, what shall the remedy be?" (Rice Decision, 9, Ex. G to MSJ, ECF No. 36-1.)

3   Arbitrator Staudohar sustained the Grievance and "determined that the Employer did not have

4   just cause to discharge the Grievant." (*Id*. at 13.)  He ordered that "[t]he remedy is to reinstate

5   [Rice] to her former position with back pay and benefits, less outside earnings, from the time

6   that her license was reinstated on October 19, 2010." (*Id*.)  He also "retain[ed] jurisdiction in the

7   event of a dispute over this remedy." (*Id*.)  Sunrise Hospital does not dispute that "the parties

8   agreed that the arbitrator could retain jurisdiction in the event of a remedial dispute." (MSJ,

9   20:26-27, ECF No. 44.)

10      Then, in the later Rice Supplemental Decision, Arbitrator Staudohar determined that

11   "[b]y placing the Grievant on unpaid administrative leave as of April 3, 2012, the Employer has

12   failed to comply with the [Rice Decision] remedy." (Rice Supplemental Decision, 1, Ex. O to

13   MSJ, ECF No. 36-1.)  He also determined that "[u]ntil such time as the Grievant is reinstated, . .

14   . she is entitled to back pay and benefits, as per my award," and that "[t]he Employer's

15   placement of her on unpaid suspension is clearly contrary to that award." (*Id*.)

16      In the Reyes Decision the issue submitted was: "Whether the Hospital had just cause to

17   issue a notice of removal to the Grievant, and if not, what is the appropriate remedy?" (Reyes

18   Decision, 6, Ex. H to MSJ, ECF No. 36-1.)  Arbitrator Ames sustained the Grievance and

19   determined that "[t]he Employer lacked Just Cause for Grievant's termination." (*Id*. at 14.)  He

20   ordered that "[Reyes] shall be retroactively reinstated to her former position from the time her

21   license was reinstated on October 25, 2010, and excluding interim earnings, shall be made

22   whole for all lost wages and related benefits." (*Id*.)  He also "retain[ed] jurisdiction over

23   disputes regarding interpretation and implementation of this Award." (*Id*. at 14.)  Sunrise

24   Hospital does not dispute that "the parties agreed that the arbitrator could retain jurisdiction in

25   the event of a remedial dispute." (MSJ, 20:26-27, ECF No. 44.)

1    Accordingly, in the subsequent Reyes Supplemental Decision, Arbitrator Ames found

2    "that Sunrise Hospital is in violation of the Arbitrator's Award and Order of March 7, 2012

3    directing that Ms. Sharon Ochoa-Reyes be reinstated to her former nursing position." (Reyes

4    Supplemental Decision, 3, Ex. P to MSJ, ECF No. 36-1.)  He also found that "Sunrise Hospital's

5    letters of April 3, 2012, do not constitute reinstatement of Grievant Sharon Ochoa-Reyes as

6    ordered and cannot be used as a convenient substitute for failing to comply with the Arbitrator's

7    Award." (*Id*.)  Therefore, Arbitrator Ames determined that Reyes "is entitled to receive[]

8    ongoing back pay and benefits per the Arbitrator's original Award during her period of

9    indefinite suspension either until the criminal investigation is concluded and Grievant charged

10   [sic] with a crime or until she is reinstated in her employment by Sunrise Hospital." (*Id*.)

11   Here, the Court finds that each Arbitrator unambiguously awarded the remedy of

12   "reinstatement to [Rice and Reyes]' former position" in the original Decisions.  Rice and Reyes'

13   status as "persons of interest" was known to Sunrise Hospital prior to the arbitration

14   proceedings[5] but not asserted as a basis for the terminations of Rice and Reyes until April 3,

15   2012.  Sunrise Hospital does not challenge the validity of the original Decisions or the remedy

16   awarded in the original Decisions.  Because each Arbitrator also unambiguously retained

17   jurisdiction in the event of a remedial dispute, the Court finds that each Arbitrator properly

18   addressed the parties' disputes over the remedy of "reinstatement to [Rice and Reyes]' former

19   position."  Where the parties disagreed over the meaning of "reinstatement," each Arbitrator

20   acted within the scope of his authority in the Supplemental Decisions to determine that the April

21   3, 2012, letters did not constitute "reinstatement" for the purposes of the original Decision.

22   Sunrise Hospital's basis for terminating Rice and Reyes because of their status as "persons of

23   interest" is not a new issue so as to divest the Arbitrators of their jurisdiction to decide disputes

24   _____

25   [5] After Rice completed an incident report, Sunrise Hospital's Risk Management notified Las Vegas Law
     Enforcement, and Rice and Reyes were taken off the work schedule with pay. ("Rice Decision," Ex. D to Rice I
     Compl.; Ex. G to MSJ, ECF No. 36-1.)

over the reinstatement remedies.

SEIU Local 1107 provides citations to cases in other jurisdictions describing similar disputes. (MSJ, 13:14-26, ECF No. 32.)

The Third Circuit concluded that an arbitrator acted within the scope of his authority where the arbitrator's original decision awarded reinstatement, and the employer purported to reinstate the employees but simultaneously placed them on indefinite layoffs. *United Steelworkers of America, Dist. 36, Local 8249 v. Adbill Mgmt. Corp.*, 754 F.2d 138, 141-142 (3d Cir. 1985). The Third Circuit described the parties' dispute over the meaning of "reinstatement" in that case as follows:

> Although neither party argues that the award is ambiguous, they differ as to the meaning of arbitrator's order to "reinstate all of the grievants to their former employment." App. at 21. The Hotel argues that "reinstatement" is accomplished by placing the names of the discharged maids back on the payroll. In contrast, the Union argues that "reinstatement" requires that the maids be returned to work.
>
> Despite the apparent disagreement between the parties, we do not consider the phrase "reinstate[ment] . . . to their former employment" to be ambiguous. Rather, we view the plain language of the award to clearly require that the nine discharged maids be returned to actual duty.

*Id.*

The Seventh Circuit noted the possibility of "abuse by unscrupulous employers who reinstate an employee for a token period of time only and then take further questionable action against the employee" in another case where the parties also disputed the interpretation of "reinstatement" pursuant to an arbitrator's award. *Chicago Newspaper Guild v. Field Enters., Inc. Newspaper Div.*, 747 F.2d 1153, 1156 n.5 (7th Cir. 1984). The Seventh Circuit concluded that in the case before it, even that "fiction" could not be maintained by the employer because no time had elapsed between the employer's purported "reinstatement" and "layoff" subsequent to the arbitrator's award. *Id.*

Although not binding on this Court, the Court finds that these cases are persuasive in support of SEIU Local 1107's arguments.

The Court finds further that Sunrise Hospital's arguments that *Hughes* supports its position are unavailing because the facts in *Hughes* are distinguishable from the facts presented here. In *Hughes,* the Ninth Circuit found that the subsequent extraneous events (i.e., two additional promotions that occurred after the arbitrator's original award) considered by the arbitrator in his supplemental decision were dispositive as to whether the arbitrator had exceeded his authority by deciding the merits of grievances not submitted to him. However, here the Arbitrators did not consider *subsequent* extraneous events in their Supplemental Decisions, but instead addressed *antecedent* extraneous events (i.e., LVMPD designation of Rice and Reyes as "persons of interest") of which all parties were previously aware during the arbitration. Also, Sunrise Hospital's arguments as to the doctrine of *functus officio* fail to support its argument that the Supplemental Decisions should be vacated. "Under the common law doctrine of *functus officio,* an arbitrator may not redetermine an arbitration award." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, Local 631, v. Silver State Disposal Service, Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997). For this argument, Sunrise Hospital relies on its claim that the dispute over the April 3, 2012, letters constituted a new and independent substantive dispute. However, as discussed above, the Court finds this argument unavailing; and therefore the doctrine of *functus officio* is not applicable here, where the arbitrators retained jurisdiction over remedial disputes and the Arbitrators' Supplemental Decisions were within the scope of this jurisdiction.

Here, the Court finds that determinations of Arbitrator Staudohar and Arbitrator Ames in their Supplemental Decisions were each within the scope of their authority to resolve disputes over the remedies awarded in the original Decisions. The Court finds further that here there is no genuine dispute as to any material fact, and that SEIU Local 1107 is therefore entitled to

1    judgment as a matter of law.  The Supplemental Decisions of Arbitrator Staudohar and

2    Arbitrator Ames will be confirmed, as well as the original Decisions.

3        **C.    Requests for Attorneys' Fees and Costs**

4        Finally, the Court has considered the parties' requests for attorneys' fees and costs

5    pursuant to the relevant legal standard, and finds that an award of attorneys' fees against Sunrise

6    Hospital is justified here.

7        "[A]n unjustified refusal to abide by an arbitrator's award may equate an act taken in bad

8    faith, vexatiously or for oppressive reasons," for which a court may assess reasonable costs and

9    attorneys' fees. *Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maint, Inc.*, 707

10   F.2d 425, 428-29 (9th Cir. 1983) ("Because the arbitrator's decision and award was fully

11   supported and clearly based upon the arbitrable layoff issue, the record supports the finding that

12   the company's refusal to abide by the award was without justification."); *accord United Food &*

13   *Commercial Workers Union v. Alpha Beta Company*, 736 F.2d 1371, 1382-83 (9th Cir. 1984)

14   (discussing situations where "a party frivolously or in bad faith refuses to submit a dispute to

15   arbitration or appeals from an order compelling arbitration").  "[B]ad faith supporting an award

16   of attorneys' fees may be found in conduct that led to the lawsuit or in conduct occurring during

17   the course of the action." *Int'l Union of Petroleum & Indus. Workers*, 707 F.2d at 428.  "If bad

18   faith is found, an award of attorneys' fees is within the district court's discretion." *Id.*

19       Here, the Court finds that the original Decisions and the Supplemental Decisions of

20   Arbitrator Staudohar and Arbitrator Ames were fully supported and clearly based upon the

21   arbitrable issues submitted to them by the parties, and therefore Sunrise Hospital's refusal to

22   abide by the Arbitrators' awards was without justification.  Accordingly, the Court finds that

23   Sunrise Hospital's conduct in failing to reinstate Rice and Reyes with back pay pursuant to the

24   Arbitrators' Awards, as well as its conduct in pursuing this litigation, constitutes bad faith

25   justifying an award of reasonable attorneys' fees sufficient to deter future conduct and to

compensate SEIU Local 1107 "for the added expense of having to vindicate clearly established rights in court." *See id.* (internal quotation marks omitted).

**III.     CONCLUSION**

      **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 16) is **DENIED**.

      **IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 44) filed by Sunrise Hospital and Medical Center, LLC, is **DENIED**.

      **IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 31) filed by Service Employees International Union, Local 1107 is **GRANTED**.  The decisions and awards of Arbitrator Paul Staudohar dated December 19, 2011, and April 18, 2012, and of Arbitrator Claude Ames dated March 7, 2012, and May 9, 2011, are hereby **CONFIRMED**. Sunrise Hospital and Medical Center, LLC, is directed to comply in all respects with the Arbitrators' Awards.

      **IT IS FURTHER ORDERED** that, having found that Service Employees International Union, Local 1107, is entitled to an award of reasonable attorneys' fees and costs, the Court hereby directs Service Employees International Union, Local 1107, to file a separate motion pursuant to Rule II.54-16 of the Local Rules of Practice for the United States District Court for the District of Nevada so that the Court may determinate the appropriate award amounts.

      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment in favor of Service Employees International Union, Local 1107, as to all claims.

      **DATED** this 19th day of September, 2013.

_____

Gloria M. Navarro
United States District Judge